UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lorenzo Benites
_____

_____
(In the space above enter the full name(s) of the plaintiff(s).)

17CV 9410

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983

v.

Jury Trial: Yes _x_  No ___
(check one)

Defendant No. 1  Officer Duncan, Screening intake officer for intake area of Q.D.C on 12/14/2016 at 10:30am
Defendant No. 2  Officer Ayana Dyleymaro, Screening intake officer of Q.D.C on 12/15/2016.
Defendant No. 3  John Doe, intake area officer in A.M.K.C on or about 12/15/2016
Defendant No. 4  John Doe, intake area officer in A.M.K.C on or about 12/15/2016
Defendant No. 5  N.Y.C Department of corrections

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. No addresses should be included here.)

I.  Parties in this complaint:

A.  List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name  Lorenzo Benites
          ID #  Nysid # 12628970H , Din 17A3129
          Current Institution  Downstate correctional facility
          Address  Red schoolhouse road , P.O box F
                   Fishkill, NY 12524-0445

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

1

Defendant No. 1   Name <u>Officer Duncan</u>   Shield # <u>U/K</u>
Where Currently Employed <u>Q.D.C , N.Y.C D.O.C</u>
Address <u>126-02 82nd street Kew Gardens, NY 11415</u>

Defendant No. 2   Name <u>Officer Ayana Dyleymaro</u>   Shield # <u>U/K</u>
Where Currently Employed <u>Q.D.C, N.Y.C D.O.C</u>
Address <u>126-02 82nd street Kew Gardens, NY 11415</u>

Defendant No. 3   Name <u>John Doe, intake officer in A.M.K.C</u>   Shield # <u>U/K</u>
Where Currently Employed <u>A.M.K.C, N.Y.C D.O.C Rikers Island</u>
Address <u>18-18 Hazen street, East Elmhurst, NY 11370</u>

Defendant No. 4   Name <u>John Doe, intake officer in A.M.K.C</u>   Shield # <u>U/K</u>
Where Currently Employed <u>A.M.K.C, N.Y.C D.O.C Rikers Island</u>
Address <u>18-18 Hazen street, East Elmhurst, NY 11370</u>

Defendant No. 5   Name <u>N.Y.C Department of corrections</u>   Shield # ____
Where Currently Employed <u>Agency/Department in N.Y.C</u>
Address <u>The city of New York, no specific location for agency, A.M.K.C facility is 18-18 Hazen st. East Elmhurst NY, 11370</u>

II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? <u>Began in Q.D.C intake to A.M.K.C Rikers Island Facility , both N.Y.C D.O.C Facilities.</u>

B.   Where in the institution did the events giving rise to your claim(s) occur? <u>Began in the Intake area in Q.D.C where screening process takes place, and ended in the A.M.K.C facility intake area where new admissions enter through.</u>

C.   What date and approximate time did the events giving rise to your claim(s) occur? <u>Began at 12/14/2016 at 10:30 am until 12/15/2016 around the afternoon time.</u>

D.  Facts: On 12/14/2016 around 10:00 AM I was remanded into the custody of the N.Y.C D.O.C through the Queens courthouse located in Kew Gardens. On this date I came into custody under the influence of one very lethal drug and I had indicated to the screening intake officer, officer Duncan of Q.D.C that I am under the influence, I had indicated to this officer what drug I had taken and told this officer that I do not feel well and that I very urgently need medical attention, and at this time officer Duncan told me that I would need to wait until I was taken to Rikers Island and I was denied from recieving any medical attention at this time. I then mentioned this to officer Ayana Dyleymaro, the exact same way I mentioned it to officer Duncan, that I very urgently need medical attention and I mentioned why and what drug I was under the influence of, and I was again denied medical attention. These officers filled out a screening sheet indicating that I had admitted to them I was under the influence and of what drug, they also indicated on this paper that they themselves can see I'm under the influence, and then on a section where it asks if they would like to refer me to medical they checked off no and signed their name, this is my evidence that they were aware of the danger I was in hours before I actually overdosed. I was transfered then to Rikers Island, facility A.M.K.C, which is a facility specially ran for recieving inmates whom were heavy drug users in society and here I basically pleaded to two intake area officers to please let me see medical because I do not feel well, and again I was denied medical attention and I then eventually overdosed and was taken to the ICU in Elmhurst hospital.

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Was in hypoxic respiratory failure in A.M.K.C intake area and was taken to ICU in Elmhurst hospital. I had pna aspiration and was intubated for respiratory failure. Was febrile, tachycardic and hypotensive, went into cardiac arrest and CPR with paddles was required along with a round of epinephrine, which rosc was obtained in 4-5 minutes and I was again intubated. Was also notable for leukocytosis and given IV fluids, given vancomycin and Zosyn for aspiration, fentanyl and propofol for agitation of intubation and was hospitalized from 12/15/16 - 12/31/16. Now suffer from P.T.S.D, scaring in lungs from aspiration, and other chest area issues.

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes  X   No ____

3

( Continuation ) II Statement of claim

D. Facts: Furthermore, prior to being taken to the hospital by the E.M.T's, when E.M.T responders had arrived to A.M.K.C facility in order to treat me and transport me to the hospital to help me recieve the emergency medical services which I required, officers and corrections staff at this time had failed to provide E.M.T responders with the vital information which they required in order to properly treat me and save my life. When E.M.T responders had arrived in A.M.K.C, proper protocol for responding to an overdose would have been to ask the officers what was it that I had taken and overdosed on, as this would be very vital to know in order to provide me with the correct drug or antidote in order to reverse the effects of whatever it was I had taken, when E.M.T responders had asked officers and corrections staff what it was I had taken, they the officers and corrections staff had failed to provide E.M.T responders with this information, when I have undeniable evidence that they the officers and corrections staff did know what it was that I had taken hours before I had actually overdosed. Had E.M.T responders knew what it was I had actually taken they would not have given me narcan twice in the field as the record shows they did, they would have instead given me flumazenil which is the equivalent to xanax or benzos as narcan is to opiates, and had these corrections staff provided E.M.T's with this information when it was requested I would have been given the flumazenil instead and this entire incident could have been greatly avoided, or at the very least not have been as severe an incident as it was. Now if corrections staff had intentionally failed to provide this information to E.M.T responders or not, I do not know at this time, but I do have evidence that they did know this information hours before I overdosed, and I do have evidence that when this information was requested they did fail to provide this information and they failed to execute responsibility. A.M.K.C is a facility which is specifically and specially ran for recieving inmates from society whom were heavy drug users in society, they have special medical staff whom provide inmates with detox services along with emergency medical services that would be required of inmates or patients whom were using heavy drugs in society, this was the reason why I was originally sent to A.M.K.C to begin with because they knew that I was currently taking heavy drugs in society and they knew what drugs I had taken, so thus they should have already been aware of what medical services I required, but they are clearly not excercising the excpected caution that a facility whom recieve inmates for these reasons and purposes would be excpected to excercise. They would be excpected to excercise even more caution due to the fact that only a few months ago a very similar incident happened to another inmate, it was very similar in that this inmate had also taken some sort of heavy drug and was crying to officers and corrections staff for help, along with a fellow inmate, but unfortunately his cries for help were ignored as well and this inmate had actually passed away. After an incident like this had just recently happened, A.M.K.C would be excpected to excercise even more caution, but they are clearly showing a disregard for not only the lives of the inmates they are recieving, but also my life, they not only ignored my cries for help and just allowed me to lay and die in thier intake area, they then failed to provide E.M.T responders with the vital information they needed to save my life, it took until I finally made it to the hospital and was given a drug test that they finally became aware of what it was I had actually taken, and then I was finally given the flumazenil, but by this time the damage was already done.

( Continuation) III Injuries.

Have been having chest complications such as reoccuring chest pains which is a possible outcome of the scarring in lungs from aspiration, or from being in cardiac arrest for 4-5 minutes, or from intubation. Might have possible brain damages or complications as a result of being in respiratory failure for so long , and am now being treated for PTSD, have been diagnosed and recieve therapy along with taking special physciatric medication for PTSD.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). __Q.D.C and A.M.K.C both N.Y.C D.O.C facilities.__

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?
Yes _X_   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?
Yes ___   No ___   Do Not Know _X_
If YES, which claim(s)? _____

D. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose **not** cover some of your claim(s)?
Yes ___   No ___   Do Not Know _X_
If YES, which claim(s)? _____

E. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?
Yes _X_   No ___
If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?
Yes ___   No ___

F. If you did file a grievance, about the events described in this complaint, where did you file the grievance? __In the A.M.K.C facility grievance box.__

1. Which claim(s) in this complaint did you grieve? __That I was denied medical attention when I repeatedly asked for it and this incident should have been avoided.__

2. What was the result, if any? __My grievance was never acknowledged that it was even recieved and I never heard a response.__

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. __After months of never hearing any response I made a formal complaint to the city through the 311 procedure and informed them of what had happened and that the grievance I filed was never even acknowledged and nothing was even done.__

4

G. If you did not file a grievance, did you inform any officials of your claim(s)?
Yes __X__ No ____
1. If YES, whom did you inform and when did you inform them? __I did file a grievance, informed 311, and informed all the staff whom I was pleading to for medical attention and help.__

2. If NO, why not? ____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. __I had filed a grievance on this matter, informed multiple staff about this incident on the date it had transpired to the officers whom I pleaded to for my life, and once I realized my grievance was not being acknowledged I had made a formal complaint through the 311 procedure and informed them of this incident along with informing them I had filed a grievance that was never acknowledged.__

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:
State what you want the court to do for you. __To find in favor that I, the plantiff, be be compensated by the defendants and the N.Y.C D.O.C for the pain and suffering on the date of incident and time which I was hospitalized, and also for all future pain and suffering as an outcome of this incident. I am claiming in the amount of 150,000,000.00 for all injuries and pain and suffering past present and future.__

VI. Previous lawsuits:
A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes ____ No __X__

On these claims

5

B. If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:
Plaintiff _____
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) _____
_____
3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____

D. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ____ No  X

E. If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:
Plaintiff _____
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) _____
_____
3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____

Signed this 26 day of November, 2017. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff: *Lorenzo Benitez*
Inmate Number: 17A3129
Mailing address: Downstate Correctional Facility. Red School house road, Box F. Fishkill NY 12524-0445.

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 26 day of November, 2017, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: *Lorenzo Benitez*

rev. 09/04

7

TATE CORRECTIONAL FA(
HOOLHOUSE ROAD
, NEW YORK 12524-0445
Lorenzo Benites

DOWNSTATE CORRECTIONAL FACILITY

DOWNSTATE CORRECTIONAL FACILITY

NEOPOST
11/27/2017
US POSTAGE $000.67

FIRST-CLASS MAIL

ZIP 12524
041M11284855

United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Court house
Pro Se office
500 Pearl Street, Room 230
New York, NY 10007

USM SDNY

1000781330 C014